## Buck *versus* Spofford.

Where one tenant in common has received the rents and profits of the common property, he is accountable, in assumpsit, to a co-tenant for his share.

In such an action, to recover the plaintiff's share of the avails received by the defendant, for the use of a grist-mill, in which both parties, and a third person were co-tenants, it is no defence, in whole or part, that the defendant has incurred expense in repairs upon the mill, unless such repairs were made pursuant to the provisions of the Revised Statute, chap. 86.

When the notice, calling a meeting of mill owners to decide upon the subject of repairs, is given by a copy served upon each one, the statute has not prescribed what length of time, previous to the meeting, the notice should be given. It is therefore to be a reasonable time.

At such meeting, it is not necessary that the decision of the mill owners should be taken by a vote, or that any record or other writing should be made concerning it.

The law will justify no repair, whereby to charge one of the part owners against his consent, except so far as to make the property serviceable.

But if, after pursuing the mode of procedure, prescribed by the statute, a part owner has made repairs beyond what was necessary to render the property serviceable, his lien will be good for such part of them as were necessary for that purpose.

If he has been reimbursed to that extent out of the joint profits, he will be accountable in assumpsit to his co-tenant for his share of the surplus, if any.

In such an action by one of the co-tenants against the other, the defendant, in order to prove the legality of the mill-owners' meeting, may use another of the co-tenants as a witness.

Assumpsit.

*Kent,* for plaintiff.

*Appleton & Hathaway,* for defendant.

Wells, J. — It is now well settled law, that where one tenant in common has received, from others, rents and profits, of the common property, he is accountable in an action of assumpsit, to his co-tenant for his share. *Brigham* v. *Eveleth,* 9 Mass. 538 ; *Munroe* v. *Lake,* 1 Metc. 459.

The parties to this suit and one Daniel Spofford owned the grist-mill, as tenants in common, having each an equal interest.

The defendant took possession of the mill, and his servant or tenant delivered a portion of the grain, which had been received for toll, by direction of the defendant, to those persons, to whom the defendant had sold it, and the servant had sold other portions of the toll for cash, which was paid to the defendant. He is therefore accountable for the plaintiff's portion of what he has received, unless he has otherwise a defence to the action.

The defendant contends, that he has made repairs upon the mill, for which he has not been reimbursed, and has a right to take the rents and profits in satisfaction for the repairs.

No tenant in common of a mill has a right to the exclusive use of the common property, for the payment of repairs, unless they have been made in conformity to the statute, chap. 86. And the plaintiff contends, that the defendant has not conformed to the requirements of the statute.

The notice, for calling the meeting of the owners, was served, as the case states, on the plaintiff more than thirty days, before the time fixed for the meeting.

The first section of the statute provides that the application and warrant "shall be published in some newspaper, if there be any printed in said county, three weeks successively, the last publication to be not less than ten nor more than thirty days before the meeting ; or a true copy of such notification may be delivered to each of said owners, or left at his last and usual place of abode ; either of which kinds of notice shall be binding on all the owners."

No time is prescribed, in which the notice must be delivered to the owner, or left at his last and usual place of abode.

By the act of 1821, chap. 45, § 12, no mode of publication in a newspaper was provided, but the notice was required to be given not more than thirty, nor less than ten days, before the meeting.

The § 12 of that act was repealed by the act of March 3, 1829, and provision was made for a publication of the notice in the same manner as is directed in § 1 of the Revised Stat-

utes, and it was also further provided that the notice, when delivered to the owners or left at the last and usual place of abode, must be so done, not more than thirty, or less than ten days before the meeting. It thus appears, that the present existing law differs from the former statutes, and omits to provide any time, in which the notice shall be given, when not published in a newspaper.

It may be urged, that the Legislature having determined the time in which the notice should be published, the same time should be adopted, when it is otherwise given. But the statute does not say so, and it is not certain, that the Legislature so intended.

When a statute is revised, and a provision, contained in it, is omitted in the new statute, the inference to be drawn from such a course of legislation, would be, that a change in the law was intended to be made. If the omission was by accident, it belongs to the Legislature to supply it.

But where the law allows an act to be done, and does not prescribe the time for doing it, it is to be done in a reasonable time.

How much longer than thirty days before the meeting, the notice was given, the case does not state ; it cannot therefore be known whether it was so long before, as to be unreasonable. But the time can be shown, at the future trial.

The defendant, to prove the proceedings at the meeting, introduced the deposition of Daniel Spofford, one of the tenants in common. It is alleged that he is interested in favor of the defendant.

The advancements for the repairs of the mill were made by the defendant, and by the third section of chap. 86, he is to be paid for them beyond his proportion, " out of said mill or the profits."

If the plaintiff recovers, the defendant has no claim for contribution against the witness. The defendant stands altogether upon the statute, and if he has not complied with it, he is liable to the plaintiff. And in such event, the mill would be

exonerated from any claim arising from the repairs made by the defendant. The share of the witness, as well as the share of the plaintiff, would be relieved from the lien.

If then, there is any interest, in the witness, it is in favor of the plaintiff and adverse to the defendant, who calls him. He is therefore competent.

The deponent states, that at the meeting, he and the plaintiff were present, and that it was voted to repair the mill. But it does not appear that there was any record of the proceedings or vote.

The statute, § 3, does not require the choice of any officers, at said meeting, nor does it speak of any vote. The language of it is as follows. " At such meeting, whether all the owners shall attend or not, the owners in interest of at least one-half of such mill or dam, may rebuild or repair the mill or dam or both, so far as to make them serviceable," &c.

The determination to be made by the owners, in interest of at least one half, was simply whether they would repair or rebuild the mill or dam or both. The extent of the expenditures was comprised in general terms, " so far as to make them serviceable."

It is true, that a corporation generally expresses its doings, by written votes, because it is an artificial person, and cannot ordinarily manifest its will in any other manner. But mill owners act as individuals, not in a corporate capacity. And the act does not require any of their proceedings to be reduced to writing. The principal thing to be accomplished is the repairing or rebuilding, and the works themselves would indicate what was done, and their previous condition what was required to be done.

The simplicity and brevity of what the statute indicates should be done, at the meeting, may have been the reason for not requiring its action to be evidenced by records. The statute does not require the proceedings to be shown by written evidence, and we cannot require it.

But it does not appear by the deposition, when the meeting

was held. By the notice it was to have been holden on the twenty-seventh of March, 1845. The action of the meeting could not bind the plaintiff, unless it was holden at the time of which he had notice, and this fact must be proved to sustain the defence.

Nor is it shown, that the owners in interest of at least one-half of the mill, determined to make repairs. The question, put to the deponent, required him to state, whether it was voted by the owners present to repair the mill. The answer is not entirely responsive to the question. It is this, " according to my best recollection it was voted to repair the mill." Now a vote by the defendant alone would be a vote to repair the mill, but not a vote by the owners of one-half. The evidence does not disclose clearly, as it should do, that the vote to repair was the action of one-half, at least, in interest of the mill.

It is objected by the plaintiff, that the repairs were more extensive than they should be, and of a different character from what the law would justify. The only rule laid down in the statute in relation to the extent and kind of repairs " is so far as to make them serviceable," that is, so far as to make the mill or dam serviceable. The statute does not make the decision of the owners, as to the extent or kind of repairs, conclusive ; it does not allow them to make such repairs as they please, but limits them to such only as will make the mill or dam serviceable. If it had been intended that no limit, to the nature and value of the repairs should be fixed, except their own judgment, it would have been so declared.

Although the defendant may have made repairs beyond what ·the law will allow, yet he will retain his lien upon the mill for such of them, as have been properly expended to make the mill serviceable. And if he has not been reimbursed for such as he had a right to make, then he is not accountable to the plaintiff. But if he has been paid out of the profits of the mill, for all the repairs, which he had a right to make,

then he is accountable to the plaintiff for his share of the balance, remaining in his hands, received from those profits.

The Court having ruled that the deposition of Spofford was sufficient to show, that the vote to repair was legal and binding on all the owners, and that the decision of a major part of the owners as to the extent or nature of the repairs was conclusive, the nonsuit to which the plaintiff submitted, and which was to be taken off if any of the rulings were erroneous, is taken off, and a new trial granted.

NOTE. — HOWARD, J. took no part in this decision.