## FOSTER *vs.* BLOUNT.

1. The rule, that where, in penal statutes, general words follow an enumeration of words of a particular and specific meaning, such general words are to be held as applying only to persons or things of the same kind as those designated by the particular words, is but a rule of construction, to enable the court to ascertain the intention of the Legislature, and when that intention is apparent, can no more be allowed to govern in the exposition of penal, than any other statutes.
2. The act of 1848, imposing a penalty upon clerks for receiving more or greater fees than are allowed by law, was intended to afford a remedy to all persons from whom such clerks have received excessive fees, whether in matters touching the administration of estates, or in other cases.

ERROR to the County Court of Tuscaloosa.

PECK, for the plaintiff in error:

The demurrer to the statement of the plaintiff should have been overruled.—See the act prescribing and regulating the fees of the judges and clerks of the County Courts of this State, passed in February 1848; Pamphlet Acts, p. 86, § 3 and 6.

MOODY, for the defendant:

This is a case where the plaintiff in error sued the defendant in error, as clerk of the County Court of Tuscaloosa county, under the act of 1848 § 6, for the sum of fifty dollars, as a penalty for excessive charge, in a bill of costs rendered against the plaintiff in error, by the defendant in error, as clerk aforesaid, in a case which had been determined by the said County Court, wherein it was determined, among other things, that the said Foster should pay the costs of said suit. The court below dc-

cided for the defendant, and the case is now brought to this court by the plaintiff for the purpose of having said decision reviewed. As the record shows that the case was determined on demurrer, the only question involved is that of the construction of the above cited statute.

The defendant contends that the penalty contemplated under said act refered to cases wherein excessive fees were demanded on the orphans' side of said court, and that the penalty of fifty dollars was only recoverable (in the language of the statute,) by "a guardian, executor, or administrator," and that the general words, or "other person," used in said act, only extended the remedy and penalty to other persons, "*ejusdem generis*," and that as the plaintiff in error did not bring his suit in either such capacity, the demurrer to the declaration was properly sustained. To sustain this view of the case we would refer this court to the case of Rex v. Whitwash, 7 B. & Cress. 59, wherein the whole doctrine of the construction and limitation of general words in a statute, preceded by those of a more definite import, is fully discussed.

DARGAN, C. J.—This suit was brought under the act of 1848, to recover the penalty of fifty dollars of the defendant, who it is alleged, as clerk of the County Court of Tuscaloosa, charged the plaintiff excessive fees in a cause pending in said court, in which the State of Alabama was plaintiff and J. P. Mahany and others, defendants. The defendant demurred to the plaintiff's statement filed in the County Court, which was sustained, and this is the only assignment of error. The first section of the act, under which this suit is brought, prescribes the fees to which the county judges shall be entitled; the third, the fees to which the clerks of the respective County Courts are entitled for the performance of the duties and services required of them, and then declares that all other duties and services by them rendered shall be deemed and held as pertaining to their office, for which they shall receive no compensation, fee, or reward whatever. The 6th section of the act then provides that the judges of said courts shall not, nor shall any one employed by them in their offices, in any case pending in their respective courts, take any fee or reward for advice, or for rendering any aid or assistance, nor for preparing the accounts of any execu-

tor, administrator or guardian, nor from any legatee or distribu-
tee, under the penalty of fifty dollars, to be recovered by action
of debt before any justice of the peace by such executor, ad-
ministrator, or guardian, and to be accounted for as other assets. ·
The same section then goes on to declare, that if any such
judge or clerk shall receive any other, or greater fees, than are
by this act expressly allowed from any guardian, executor, or
administrator, or other person, he shall for every such fee, so
improperly received, forfeit and pay (to the person paying the
same) the sum of fifty dollars, recoverable before any justice of
the peace, in the name of the person who shall have paid such
fee, to be by him accounted for, if paid as guardian, executor,
or administrator, as other assets, and it shall be their duty to sue
for the same, &c.—See Pamphlet Acts of 1848, 86-8-9.

It is contended, in support of the demurrer, that no other
person, except an executor, administrator, or guardian, or some
one who has paid more or greater fees than are allowed by law
in the administration of estates, can recover the penalty; in other
words, that unless the overcharge of fees is made in some matter
relating to the administration of estates, the penalty given by the
sixth section of this act is not incurred. But to this argument
we cannot yield our assent. It is true that the penal statutes are
to be strictly construed, and when general words follow an enu-
meration of words of a particular and specific meaning, such
general words are held to apply only to persons or things of the
same kind, as those designated by the particular words.—Dwar-
ris on Statutes, 69, 79. But this is but a rule of construction,
by which courts are to ascertain the intention of the Legislature,
and when that is apparent, we are bound by it and can no more
disregard the intention in the exposition of a penal statute than
any other. If we were to restrict the meaning of general words,
when the framers of the law, by the use of them, intended to
embrace other persons or things not embraced by the particular
words, we should annul the law, instead of executing it.
Whether then the act be penal or not, the intention of it is the
rule by which we must be governed.—Pike v. Jenkins, 12 N.
Hamp. 256; U. States v. Winn, 3 Sum. 209. Applying this
rule of construction to the act of 1848, we entertain no doubt
but that the defendant has incurred the penalty given by the
sixth section, if in fact he has charged excessive fees, although

the overcharge was made iu a criminal case pending in the County Court, and not in reference to the administration of an estate. The third section prescribes the fees that the clerk shall take for his services in all cases, and then declares that if he shall receive any other or greater fees than are allowed by the act, from any guardian, executor, administrator, or other person, he shall for every such fee, so improperly received from any person, forfeit and pay to the person paying the same the sum of fifty dollars, recoverable before any justice of the peace in the name of the person who shall have paid the same, to be by him accounted for, if paid as guardian, executor, or administrator, as other assets, &c. The true meaning of this section of the act is this—if the excessive fees shall have been paid by an executor, administrator, or guardian as such, the penalty shall be considered assets in his hands, but if not paid as such executor, &c., the penalty is given to the person paying it for his own use, and the penalty is incurred in all cases of illegal or excessive charges.

As to the frame or form of the statement, we think it substantially good, and that the court erred in sustaining the demurrer.

Let the judgment be reversed, and the cause remanded.