COREY *v.* BATH, and COREY and WIFE *v.* BATH.

In an action on the case against a town to recover damages for an injury to the person of the plaintiff, caused by a defect in a highway, it is not necessary that the declaration should set out the particulars in which the highway was defective; it is sufficient to allege generally that the injury was caused by the defect, insufficiency, and want of repairs of the highway.

Nor is it necessary that the injuries received by the plaintiff should be particu-

larly described in the declaration. It is enough if it shows that the plaintiff received a bodily injury.

If the declaration allege that the plaintiff and his child "were thrown from his wagon with great force and violence, and he and the child greatly injured and damaged thereby," it will be taken, after verdict, as a sufficient averment that the plaintiff received a bodily injury.

If in such case the declaration alleges that the injury was caused by defect of the highway, it is not necessary to aver that the plaintiff was himself in the exercise of ordinary care.

Where the highway described in the declaration is alleged to be in the defendant town, it is not necessary to aver, in addition, that the part of it where the accident happened was in that town.

If the declaration allege that the road was a highway which the town was bound to maintain, on the 8th of July, and at the time when the suit was brought, and that the accident happened " on the said 8th day of July," it is a sufficient allegation after verdict that the town was bound to maintain the highway when the accident happened.

Travelling on Sunday, to make a social visit, is not within the statute which prohibits " any play, game, or recreation," on that day.

In an action for a cause which is in its nature single and indivisible, if the defendant confess under the statute a certain amount of damages, and plead to the residue of the action, the confession is an admission of some cause of action corresponding with that laid in the declaration.

If, on trial, after a confession in such case, the plaintiff introduces evidence corresponding with the cause of action laid in the declaration, and the defendant denies that the evidence relates to the cause of action which he has confessed, it may be left to the jury to find, as matter of fact, whether the cause of action to which the evidence introduced relates, is that which was declared on and confessed; and if they so find, the only remaining question will be one of damages.

If the cause of action is single and indivisible, and the plaintiff, on trial, after such confession, introduces evidence corresponding with the cause of action laid in the declaration, and it is shown or admitted that the evidence relates to the same cause of action that was confessed, the only question for the jury is one of damages.

If in such case the defendant denies that the evidence introduced relates to the cause of action which he has confessed, unless it appears that another cause exists, for which the plaintiff might recover on the same declaration, it may be left to the jury to presume that the cause of action confessed is that to which the evidence of the plaintiff relates.

CASE. The declaration, in one of the actions, alleged that whereas there was, on the 8th day of July, 1855, a certain

public highway in said town of Bath, which highway the said inhabitants of said town were then, and still are, bound to keep and maintain in good and sufficient repair, and free from all obstructions, and which highway leads from the foot of the Gilman hill, so called, up along the western bank of the Ammonoosuc river, in said Bath, by the farm on which Oliver Corey and Ira G. Corey live, to the town of Lisbon; and whereas, on said 8th day of July, 1855, said plaintiff was riding in a wagon in company with his wife and child on said highway, when, by reason of the defect, insufficiency and want of repair of said highway, about one quarter of a mile above said Oliver Corey's place, and while slowly travelling in the travelled part of said highway, he, the said plaintiff, together with his wife and child, were thrown from his wagon with great force and violence, and he, the said plaintiff, and the said child were greatly injured and damaged thereby.

In the other action by Corey and his wife, the declaration was similar, except that the injury was alleged to have been done to the wife, as follows: " When, by reason of the defect, insufficiency and want of repair of said highway, said Sally Corey, the said James R. Corey's wife, was thrown with great force and violence out of said wagon, together with her said husband and her said child, and she, the said Sally Corey, was greatly injured and damaged thereby."

The defendant filed a confession in common form, admitting damages to the amount of ten dollars.

The plaintiff, with his wife and child, were riding on Sunday, for the purpose of visiting his parents, who lived about twelve or fourteen miles from his residence. The defendants contended that the plaintiff could not recover, if it appeared that he was travelling on Sunday for the purpose merely of making a social visit to his friends; but the court overruled the objection, and instructed the jury that in this case the plaintiff might recover in the same manner as if he had been injured in travelling on any other day.

The defendant also contended that the plaintiff, under this

declaration, could not be allowed to prove what particular injuries he sustained by the accident — none being specified in the declaration ; and also that the plaintiff could not be allowed to prove in what particulars the road was defective and out of repair, none being specified in the declaration.

The court overruled both objections, and admitted evidence to show the particular injuries received, and the particulars in which the road was defective and out of repair, so far as they contributed to the accident.

The jury found a verdict for the plaintiff, which the defendants moved to set aside on account of the foregoing rulings and instructions of the court ; and also moved in arrest of judgment, because the declaration does not specify in what respects the road was out of repairs ; nor in what particulars the plaintiff was injured ; nor allege any special damage to the plaintiff ; nor that the plaintiff was in the exercise of ordinary care at the time of the accident ; nor that the injury was caused by any defect, insufficiency or want of repair in that part of the highway mentioned in the declaration which was in the town of Bath.

*C. R. Morrison*, for the defendants.

If the plaintiffs were travelling in violation of law they cannot recover. *Bosworth* v. *Swansey*, 10 Met. 363. The plaintiffs were in the unlawful use of the highway, and the purpose for which they were there may be shown. *Marston* v. *French*, 4 Foster 440.

To visit parents and friends at proper times is a filial and social duty, but to unnecessarily appropriate the Lord's day to the work, is a desecration of that day, and cannot generally be done without great injury to the moral and spiritual interest of the community. The mischief is still greater, when, as in this case, a long journey is made upon the Sabbath for the purpose. Act of December 24, 1799. Travelling, under the circumstances disclosed in this case, may well be considered as a recreation, and therefore absolutely prohibited ; or else it is work, business, or labor, of a secular calling, and so prohibited, if to the dis-

turbance of others. The absolute or qualified prohibition extends to acts of every description which are not morally fit to be done on that day. Rev. Stat., chap. 118, sec. 4; 4 N. H. 155. If persons should race horses upon Sunday, to the disturbance of others, the act, if not within the last clause of the section, would be within the first, although they never did the like before and might never again. Whatever tends to withdraw the attention of others from the appropriate duties of the Sabbath, and turn it to other things, "disturbs" them. *Varney* v. *French*, 19 N. H. 233. Such is the obvious tendency of the act in question, in relation to those living upon the highway, those travelling upon it for lawful purposes, and more especially those who are visited.

The confession does not preclude us. The declarations are of a general character, admitting evidence of an injury upon almost any part of the road, and upon any day before the suit. The confession admits no more as to the cause of action than the plaintiffs would have been bound to prove, if there had been no confession, namely: a cause of action of the general character stated in the declaration, arising on some day before the bringing of the suit. *Story* v. *Ferrins*, 3 Eng. L. and Eq. Rep. 548; *Schreger* v. *Carden*, 10 ditto 5–13.

No particular injuries of the plaintiff were specified in the declaration, and evidence of such injuries ought not to have been received.

Where the damages, though the natural consequences of the act complained of, are not the necessary result of it, they are termed special damages, which the law does not imply, and therefore must be specified in the declaration, or the plaintiff will not be permitted to give evidence of them at the trial. 3 Foster 105; 2 Greenl. Ev. 209, sec. 254; 1 Chitty's Pl. 396, (9th A. Ed.); and where special damage is necessary to give a right of action, it must be particularly stated, and the plaintiff will be restricted in evidence to the damage thus stated. *Squire* v. *Gould*, 14 Wend. 159; *De Forest* v. *Leete*, 16 Johns. 122.

If these principles are applied to the present case, the verdict must be set aside. The act complained of was the defendants'

neglect to keep the road in repair. A personal injury of a particular character does not necessarily result from such neglect, nor from the fact stated in the declaration, that the plaintiff was thrown with violence from his wagon. It cannot be said that any particular bodily harm that can be mentioned is the necessary result of such an accident.

No cause of action is stated in the declaration. The term, *special damage*, used in the statute, means peculiar damage, not common to the public in general; but this special damage must be stated in the declaration, for there is no right of action without it. 1 Starkie on Slander 440 ; *Sawyer* v. *Whittier*, 2 N. H. 315 ; 1 Chitty's Pl. 396. The allegation that the plaintiff was thrown from his wagon with great force and violence, and greatly injured and damaged thereby, is not a statement of special damage. The averment, that he was greatly injured thereby, is but a legal conclusion from the facts stated, and not warranted by the facts. It does not appear whether the injury and damage were to mind, body, or estate. Here can be no right of action for nominal damages. If the damages are not *actual*, they are not *special* within the meaning of the statute.

If it should be held that there is some averment of special damages, it is so general that no evidence could be received under it. " Special damages must be stated with particularity, in order that the defendant may be enabled to meet the charge ; and if not so stated, it cannot be given in evidence." 1 Chitty's Pl. 399 ; 2 Starkie on Slander 620, (Wendell's Ed.); 1 Saund. 243, note ; 1 Chitty's Pl. 397.

It is not alleged that the injury was caused by any defect, insufficiency, or want of repairs, in that part of the highway described in the declaration, which was in the town of Bath. The highway is described as leading from the foot of Gilman hill, along the western bank of the Ammonoosuc river, in said Bath, by the farm where Oliver Corey and Ira G. Corey live, to the town of Lisbon. But the court cannot know that a road leading from Gilman hill by the route described will not pass into Landaff or Lyman. *Brunt* v. *Thompson*, 2 Ad. & El., N. S., 789.

---
Corey v. Bath.
---

*Carpenter*, on the same side, cited the following additional authorities : *Cooper* v. *Blick*, 2 Ad. & El., N. S., 915 ; *Steavenson* v. *Berwick upon Tweed*, Hammond's Nisi Prius 92, 93 ; Espen. Nisi Prius 286 ; *Rigg* v. *Clarke*, Cro. El. 194 ; *Adams* v. *Carlisle*, 21 Pick. 147 ; *Lane* v. *Crombie*, 12 do. 179 ; *Worcester* v. *Canal Bridge*, 16 do. 541 ; Comp. Stat. 147, sec. 1.

*H. & G. A. Bingham*, for the plaintiffs.

The defendants confess the cause of action and a certain sum in damages. In doing this they admit every material point for the plaintiffs to make out, to establish their right to recover, and are estopped from denying the same on trial. Comp. Stat., ch. 199, sec. 2.

At common law, when a plea confesses the action, and does not sufficiently avoid it, judgment is given on the confession, without regard to a verdict for the defendant. The statute gives the defendant the right to make a confession where the amount of damages, and not the right to maintain the action, is in controversy. *Roberts* v. *Dame*, 11 N. H. 226.

Were our statute like that in Massachusetts which expressly prohibits travelling on Sunday, if a defence at all it goes only to the point that the plaintiffs were not in the exercise of ordinary care, which point is admitted by the confession. *Bosworth* v. *Swansey*, 10 Metcalf 363. But our statute does not in terms, nor by any fair implication, prohibit travelling on Sunday. The case simply finds that the plaintiffs were travelling along the highway; it does not find that any one was disturbed, or that any person even saw them.

Even if the plaintiffs violated the law, there was no such connection between the illegal act and the injury for which the plaintiffs seek, as to defeat their right. The case of *Bosworth* v. *Swansey* is not law in this State. It is virtually denied by *Woodman* v. *Hubbard*, 5 Foster 67.

Such damage as is the common and ordinary consequence of the act complained of, need not be specially set forth, while that which is unusual and extraordinary should be. *Dickerman* v.

*Bogle,* 17 Pick. 79 ; *Hutchinson* v. *Granger*, 13 Vt. 381. In this case the damage was the natural result of the act complained of, and inseparably connected with it.

The plaintiffs are not bound to allege any particular defects in the highway. The general allegation of insufficiency and want of repairs is all that is required. *Barber* v. *Essex*, 27 Vt. 62 ; 1 Chitty's Pl. (9th ed.) 391.

The second and third exceptions are not well taken ; for if the declarations are defective in those particulars, it should be taken advantage of by demurrer, or motion in arrest, and not by exceptions to evidence. *May* v. *Princeton*, 11 Met. 442.

As to the motion in arrest, the following general rule would seem to dispose of all the reasons assigned : " After trial, and verdict for the plaintiff, judgment will not be arrested unless the record shows a clearly defective cause of action. Every intendment is to be made in favor of the declaration, and whatever is implied in or inseparable from the finding of the jury, will be presumed in favor of the verdict. The defect must be substantial and incurable, or the judgment will not be arrested. If enough appears upon the declaration to show that the plaintiff has a good cause of action, all defects in the statement of it should be taken advantage of by demurrer, or they will be regarded as cured. *White* v. *Concord Railroad*, 10 Foster 188 ; *Sewall's F. Bridge* v. *Fisk et a.*, 3 Foster 180.

The declaration need not allege that the plaintiffs were in the exercise of ordinary care. *May* v. *Princeton*, 10 Met. 442.

PERLEY, C. J. The Revised Statutes enact under a penalty that " No person shall do any work, labor, or business of his secular calling, to the disturbance of others, works of necessity and mercy excepted, on the first day of the week, commonly called the Lord's day ; nor shall any person use any game, play, or recreation on that day, or any part thereof." A more extended operation has been given to that branch of our statute which prohibits work, labor, or business of the secular calling on Sunday,

Corey *v.* Bath.

than the English statute on that subject has received. *Frost* v. *Hull*, 4 N. H. 153; *Allen* v. *Demming*, 14 N. H. 133.

But our cases are far from going to the length of including a visit which a son makes to his parents on Sunday, under the head of work, labor, or business of his secular calling, and it cannot be held that such a visit is within that provision. Does travelling to make such a visit fall under the other branch of the statute, which forbids using any game, play, or recreation on that day ?. It is clearly not a game or play, and if prohibited by the statute must be classed under the head of an unlawful " recreation."

The word *recreation* is thus defined by Webster: " 1. Refreshments of the strength and spirits, after toil; amusement, diversion. 2. Relief from toil or pain; amusement, in sorrow or distress." The word in this, its popular sense, is of very comprehensive signification, and manifestly quite too broad and loose for the definition of a legal offence. Within this definition, a man who should derive refreshment to his strength and spirits, exhausted by the labors of the week, from the religious rest of the Lord's day, would be using a criminal recreation, and liable to the penalty inflicted by the statute; and the word has no legal signification different from the popular meaning. It is not one of the terms of the law. It is plain, however, that in the construction of this statute some limitation must be put on the common signification of the word. It would be quite extravagant to hold that the legislature intended to punish as a crime every kind of recreation embraced within the wide range of that term in its common and usual sense; and I think that the recreations prohibited by the statute are those which are of a like character with " games and plays," which are specifically forbidden in the same clause. " Nor shall any person use any game, play, or recreation;" that is to say, or any other *like* recreation. Where several particulars are enumerated in a statute, and a general term is added which includes those particulars, and has also a more extensive meaning, the general term is often restricted in construction to cases of a like nature, with the particulars before

Corey *v.* Bath.

enumerated. *Rex* v. *Whitnash*, 7 B. and C. 596; *Torrance* v. *M'Dougal*, 12 Geo. 536; *Foster* v. *Blount*, 18 Ala. 687; *Phillips* v. *Saunders*, 15 Geo. 518; *United States* v. *Bevans*, 3 Wheaton 390; Com. Dig., Parliament, (R, 20.)

The provincial statute of 12 Will. 3, anno 1700, forbade any game, *sport*, play or recreation. The act of 1799 omitted the word " sport," certainly without intending to extend or change the meaning of the term *recreation*, which was retained; and the provision of the Revised Statutes is adopted literally from the act of 1799. The term " recreation" includes, in its general meaning, games, sports and plays. If these words are not allowed to have such a restraining effect as has been mentioned on the general term, " recreation," they are wholly idle and un-meaning. If every kind of recreation is to be punished under the statute, why did it specify games, sports and plays, which belong to one kind and class of recreations. There are other recreations besides games and plays, that may be regarded as of a like character, such as a boxing match or a horse race. But travelling on Sunday, to visit a parent, is not recreation of such a character; it has no resemblance to a game or play.

The general terms used in a general law are frequently restrained by construction. Thus it is said in Bacon's Ab., Statutes, (I, 9): " The rules of the common law will not suffer the general words of a statute to be restrained to the prejudice of him upon whom a penalty is to be inflicted; but there are a multitude of cases where such general words shall be restrained in his favor."

There is another strong ground for holding that the word recreation, in the statute, was not intended to include travelling on Sunday. This provision against using any game, play or recreation on the Lord's day, is reënacted from the statute of 1799, and on common principles must be understood to have the same meaning that it had in the former statute. Being adopted from the old statute, the former meaning and construction are adopted with it, unless there should be some particular reason for giving it a new and different operation. But the second section of the

statute of 1799 is in the following terms: "No person shall travel on the Lord's day between sun rising and sun setting, unless from necessity, or to attend public worship, visit the sick, or do some office of charity, on a penalty of a sum not exceeding six dollars, nor less than one." Travelling on Sunday was thus by that statute a distinct and separate offence, and the time for committing it limited to part of the natural day, whereas the prohibition of games, plays and recreations, extended to the whole twenty-four hours, from midnight to midnight. *Shaw* v. *Dodge*, 5 N. H. 462.

Under that statute it is quite plain that travelling on Sunday could not be included under the head of a recreation, in the sense of that word, as it was used in the first section. It was a distinct offence, created by a separate provision in a different section, and a different time limited within which it might be committed. And not being a recreation in the meaning of the term, as used in the former statute, the argument is very strong that it is not within the meaning of the same term adopted from the former law on a general revision of the statutes.

The prohibition against travelling on Sunday is wholly omitted in the Revised Statutes; from which the inference is strong that the intention was to repeal and abolish that penalty, and not to change the law by transferring travelling on Sunday to the head of a recreation, when it was not in the old statute embraced under that term. It is said, in *Beach* v. *Spofford*, 31 Maine 34, that when a statute is revised, and a provision contained in it is omitted in the new statute, the inference to be drawn from such a course would be that a change in the law was intended. If by accident, it belongs to the legislature to supply it. And in *Ellis* v. *Page*, 1 Pick. 43, 45, the rule is stated to be " that when any statute is revised, or one act framed from another, some parts being omitted, the parts omitted are not to be revived by construction, but are to be considered as annulled."

In this case we think the intention was to annul the provision against travelling on Sunday, by omitting it from the Revised Statutes, and not by such omission to give a new and extended

Corey *v.* Bath.

meaning to another provision retained in the new statute. We are, therefore, of opinion that travelling on Sunday, in an orderly and decent manner, to visit a parent, is not to be regarded as a criminal recreation, within the meaning of the statute. Travelling on Sunday, in the prosecution of secular business, to the disturbance of others, would be within the other branch of the statute; but travelling, as the case finds the plaintiff did, would be no violation of law, however we might be disposed to regard it in a moral or religious point of view.

Even if the plaintiff's travelling on Sunday were to be held a violation of law, as the illegality of his act could have in no way contributed to the accident, it would not protect the town, according to the decision in *Norris* v. *Litchfield, ante* 271. In that case it was held that though the plaintiff might have been at the time engaged in an unlawful act, it would not prevent him from recovering, if the illegality of the act in no way contributed to the accident. Unless this case can be distinguished from that, it is immaterial whether the plaintiff's travelling on Sunday was illegal or not.

The defendants objected on trial to evidence of particular injuries to the plaintiff's person, because none were specified in the declaration. The gist of the action in cases of this sort is the actual injury done to the person or property of the plaintiff. He cannot maintain his action merely on the ground of a neglect by the town to keep the road in proper repair, nor even on the fact that by reason of a defect in the road he was thrown from his carriage. The damage for which the plaintiff recovers under the statute must be individual and special, as distinguished from the general public inconvenience, and must be an actual and substantial, not a mere nominal and theoretical injury. *Baxter* v. *The Turnpike Co.*, 22 Vt. 104; *May* v. *Princeton*, 11 Met. 444. Unless the plaintiff showed in evidence an actual injury to his person, on this declaration he would wholly fail in his action; and unless he could introduce evidence to prove the particulars of his injury, it is plain that he could never show any injury at all; for every injury must necessarily consist of its several parts

and particulars. This position of the defendants amounted in substance to this: the plaintiff can introduce no evidence of any injury, because the declaration does not specify the particulars of his injury. But the injury to the plaintiff was the gist of his action, and unless the evidence were admitted the action could not be maintained. The ground of the objection is not that the evidence was a variance from the declaration; that the delaration stated one case, and the evidence went to prove another. If the objection had prevailed, no proof, no imaginable state of the evidence, would have enabled the plaintiff to proceed with his cause. The objection went substantially on the ground that there was no allegation under which the injury, that was the gist of the action, could be proved; or in other words, that the description of the injury in the declaration was legally insufficient to maintain the action.

This position, therefore, though in the form of an objection to the admissibility of evidence, is in substance an exception to the sufficiency of the declaration, and as such could not regularly be taken on trial. It might have been taken by demurrer, and was proper to be taken, as it was in fact by motion to arrest the judgment. When a defendant pleads the general issue to a declaration, and goes to trial, he admits, for the purposes of the trial, that the declaration is in law sufficient. But this objection does not go on the ground that the declaration was sufficient, and that the evidence offered was a variance from it. The substantial ground of it is that the declaration was insufficient; for if that evidence were held to be inadmissible, the cause of action laid in the declaration would in no way be proved, for the reason that no cause of action was sufficiently described and set forth in the declaration. The real position of the defendant on this point was this: the plaintiff cannot introduce evidence to prove his declaration, because it is insufficient in law to maintain his action. This, though presented in the shape of an objection to the admissibility of evidence, is manifestly in reality an exception to the legal sufficiency of the declaration, and could not regularly be taken on trial, but comes properly before the court on the motion

Corey *v.* Bath.

in arrest of judgment, and must be treated as if it had been taken after verdict ; *May* v. *Princeton*, 11 Met. 442 ; and the same is true, for the same reasons, of the objection to receiving evidence of particular defects in the road. If the plaintiff were not allowed to show the particulars of the defect, how could he show the defect at all ? Where should he begin ?

One ground of the motion in arrest of judgment is, that the declaration does not show the injury to have happened through the deficiency of a highway which the town were bound to keep in repair at the time of the accident. The declaration describes the road by the termini and intermediate monuments ; alleges that it was a public highway in the town of Bath, which the town, on the 8th of July, 1855, were, and still are, bound to repair ; that, on the said 8th day of July, the plaintiff was travelling on said highway, and, while so travelling, was, by reason of the defect and want of repairs of said highway, thrown with great force and violence from his carriage. There is no averment in more direct terms, that at the time when the accident happened the road was a public highway in Bath which the town was bound to repair ; and inasmuch as the plaintiff would not be required to prove on trial that the accident happened on the particular day laid in the declaration, the argument is that the declaration does not show the road to have been a public highway in Bath at the time of the accident.

It is true that the plaintiff would not be confined in evidence to the 8th day of July ; but the declaration alleges that the defendants were bound to repair on the 8th day of July, and that the accident happened on the said 8th day of July ; that is to say, on the same 8th day of July, and on the same day. This must be taken as a substantial averment that on the day when the accident happened, whether it were the 8th of July or any other day, the town were bound to repair. An averment by such reference .to a previous allegation is sufficient, even in an indictment. *The King* v. *Perry*, 6 T. R. 573. It may be said that the town might be liable at one time of the same day, and not at another ; but this would be much too refined for an objection that comes after verdict.

The road is designated by reference to the former description, as the said highway, and it is before described as a public highway in Bath, which the town, " on the 8th day of July, 1855, were, and still are, bound to repair." In *Reed* v. *Chelmford*, 16 Pick. 128, the averment was, " the defendants are bound to maintain," without any statement that the town were liable at any other time, and the declaration was held to be sufficient. Here it is alleged that the town were liable on the 8th of July, and still are, and that the accident happened on the said 8th day of July, which brings the present case far within the principle of *Reed* v. *Chelmsford.* In *Tooms* v. *Etherington*, 1 Levintz 120, the defendant pleaded the king's pardon, in answer to a claim of forfeiture, and alleged that he was *modo subditus*, but did not aver that he was a subject when the pardon was passed, and held sufficient.

It might have been more precisely and pointedly averred that the road at the time when the accident happened was a highway in Bath, which the town was bound to repair; but the declaration is in this respect quite sufficient on this motion in arrest of judgment.

It is said that the declaration does not allege the defect which caused the injury to have been in that part of the highway which was in the town of Bath. But the whole highway described is alleged to have been in Bath. The declaration alleges that there was a highway in Bath which reached in one direction to Lisbon. The road is alleged to be in Bath, and of course all its parts are in that town; and the plaintiff is stated to have received the injury while riding on the said highway, by reason of the insufficiency and want of repairs of said highway at a place in said highway, &c. The objection is taken on the record, and the record describes no road tending into any other town or place than Bath. And if the road were in fact a continuous highway, extending into Lisbon or any other town, the object of the description in this declaration, even if the objection had been taken as a variance on trial, would not seem to require that the connections and extensions of the road beyond

the limits of the town should be set forth. The liability of the town would in no way depend on the fact whether the road extended into another place. The road is alleged to be a public highway in Bath, and the accident to have happened at a place on the said highway, by reason of the defect and insufficiency of said highway. The whole road being in Bath, that part of it where the accident is alleged to have happened must of course be in Bath. On examination of the declaration, this objection does not appear to be well founded in fact.

Another objection made to the declaration is, that it does not allege special damages. To maintain his action the plaintiff must show that he has sustained a special damage within the meaning of that term, as it is used in the statute. The gist of the action is the individual damage which the plaintiff has received ; and the injury itself, which is the cause of action, is not a special damage, in the sense of that term, as it is commonly used in the law of pleading and evidence. The injury to the plaintiff is the substantial fact charged as the foundation of the action ; and neither that, nor the natural and uniform effects of the injury, are special damages, in the legal and technical meaning of the term ; but special damages in that sense are such as are caused by some incidental fact, or by the peculiar situation and circumstances of the party. To take a case which has been sometimes put for an illustration : If the plaintiff should declare in trespass that the defendant broke and entered his close, and there discharged a gun, he could not, without stating more, prove on trial that he had there a decoy for ducks, and that the ducks were scared away by the discharge of the gun. The plaintiff's damage from the disturbance of his decoy would not be the uniform consequence of discharging a gun on his land, and therefore the particular facts must be specifically stated, to show how the special damage was caused. So in declaring against a turnpike corporation for an injury to the plaintiff's horse, caused by a defect in their road, the plaintiff could not, without a special statement, recover damages for being detained by the accident, so that he lost the next train of railroad cars,

and was obliged to remain on expense at a tavern ; because the detention and consequent expense would not uniformly follow as the natural and uniform effects of such an injury, but would appear to be the necessary consequences, when the situation of the plaintiff was shown which caused the special damage.

In cases like this, the injury which the plaintiff has received in his person or property is the fact charged as the foundation of the suit ; and if that is sufficiently described, according to the general rules of pleading, the natural consequences of the injury, such as follow from it without the aid of any incidental fact or any peculiar circumstances, are not special damages, and may be recovered without specification.

Does this declaration sufficiently describe the injury or damage complained of ? It is not enough to allege that the road was out of repair, and the plaintiff was violently thrown from his carriage. All this would not amount to an actual, substantial injury, and a legal damage under the statute. The declaration must show further, that the plaintiff suffered a substantial injury, and the general nature of it, whether it was to his person or his property ; and if to his property, to what property. But it is not necessary that the declaration should give a detailed statement of the bodily injuries received, or set out the particulars of the damage done to any article of his property. If the injury was to his person, it is enough to say generally that he was greatly injured in his body, or that he suffered a great bodily injury ; so, if the injury was to some piece of his property, say to his carriage, it would be sufficient to allege that the carriage was greatly damaged, without describing the particular injuries to the different parts. In *Reed* v. *Chelmsford,* 16 Pick. 128, the averment was that the plaintiff was greatly injured in his body, without any more particular description of the injuries received ; and this agrees with the rule of pleading that prevails generally in similar cases. In an action on the case for running down and damaging the plaintiff's barge, the injury may be stated generally. 2 Chitty's Pl. 283. So in a suit to recover damages for breach of a warranty on the sale of a horse.

Whether the action is assumpsit or case, it is enough to allege generally that the horse was not sound, but unsound. 2 Chitty's Pl. 101, 217; *Warren* v. *Litchfield*, 7 Greenl. 63. In cases where a general statement would have answered, if the plaintiff unnecessarily states particulars, he will be held to prove them as stated, unless the whole particular statement can be rejected, and leave the declaration sufficient. *Bristow* v. *Wright*, Douglas 664; and general pleading, where it is allowable, is for that reason in most cases thought to be the safer.

The declaration in one of these suits alleges that the plaintiff and his wife and child were thrown from his wagon with great force and violence, and he and the child greatly injured and damaged thereby. Is this to be taken, after verdict, as a sufficient averment that the injury which the plaintiff received was bodily, and to his person? We think it is. The description of the accident and of the manner in which the injury happened would make it likely that a bodily injury would be received; and there is nothing stated from which it can be intended that any injury or damage of another character could befall the plaintiff. It is not alleged that the carriage was overset, or the horse thrown down, or any thing else of a kind that could cause damage or injury to his property. When it is said that he and the child were thrown with great force and violence from the wagon, and both greatly injured, the natural and ordinary meaning of the language would be that the injury to himself and the child was bodily. Any other conclusion would do violence to the plain and obvious meaning of the statement. It amounts in substance to an allegation that the plaintiff received a great bodily injury, and that is sufficient, without setting out the particulars of the injury.

In the action for injuries to the wife the case is stronger, for we do not perceive how she could receive in law any but personal and bodily injuries. A general statement that the road was defective and out of repair, is sufficient. *Com.* v. *Pray*, 13 Pick. 363; *Reed* v. *Chelmsford*, 16 Pick. 128; *Rider* v. *Smith*, 3 T. R. 766; Com. Dig., Case for Disturbance, (B.); 1 Saund. 348,

(note 2); 1 Ld. Raymond 152; *Anon.*, 8 Wentworth's Pl. 543.

The declaration need not allege that the plaintiff was in the exercise of due care. *May* v. *Princeton*, 11 Met. 442; *Smith* v. *The Eastern Railroad, ante,* 356.

This would seem to dispose of all the points made by the defendants; and in the view which the court take of them, it would not be necessary for the decision of the case to determine what is the effect of the confession filed in the Common Pleas. That question is, however, raised by the case, and, being of considerable practical importance, we have thought it might be well to consider it.

The statute under which the confession was made provides as follows: "In any action the defendant may confess the plaintiff's action, or any part thereof, and that the plaintiff is entitled to recover certain real estate, or a certain amount of damages, and plead to the residue of his claim;" and the statute makes certain other provisions in relation to costs.

When the defendant confesses a certain amount of damages, he admits conclusively every fact which the plaintiff would be obliged to prove in order to recover that sum. 1 Greenl. Ev., sec. 205. In this case the defendant confessed the action and damages to the amount of ten dollars. There was but one count in the declaration, and to recover ten dollars on that count the plaintiff would be obliged to prove that there was a highway in Bath corresponding with that described, which the town was bound to repair; that it was out of repair, as stated in the declaration; that the plaintiff suffered, by reason of the defect in the road, an injury such as he alleges, and that the town were liable in this action for that injury to the amount of ten dollars; and if the injury were entire and indivisible, when it was once identified, and it appeared that the evidence introduced on trial applied to the same injury that the plaintiff complained of and the defendant confessed, the only question it is clear would be one of damages. In case of a single injury to the plaintiff's person, if the defendants were liable for part of the plaintiff's damage, they must, of course, be liable for the whole.

Corey *v.* Bath.

In England, under a recent statute, a defendant may pay money into court in certain actions for torts, and the payment operates as an implied confession of some cause of action, corresponding with that declared on, to the amount of the money paid in. But as in such actions the statements of time and degree are not generally required to be proved as they are laid in the declaration, the implied admission has been held not to identify and ascertain, by mere reference to the record, any particular cause of action as that described in the declaration and admitted by the confession. *Story* v. *Finnis*, 3 Law and Equity Rep. 548; *Schreger* v. *Carden*, 10 Law and Equity Rep. 513; *Cooke* v. *Hartle*, 8 C. and P. 568. And where the damage alleged comprises several items, as in trover for different articles of personal property, or in an action for pound breach and rescuing cattle, it has been held that a general confession of damages, under the English statute, is not to be construed as an admission that the defendant is liable for all the articles, or for any particular article or articles enumerated.

But a confession under our statute must be held to admit some cause of action corresponding with that laid in the declaration, for which the plaintiff would be entitled to recover in the suit the sum confessed. And where, as in the present case, the cause of action is incapable of division, the admission is at least as strong as in a default, for a default operates only as an implied confession. *Lloyd* v. *Walker*, 9 C. & P. 771. The confession here admits that within the time covered in legal understanding by the declaration, the plaintiff suffered an injury, corresponding in legal character with that of which he complains, by defects in the road described, and that the town of Bath were liable in this suit for the injury. When the plaintiff introduces evidence of an injury which he has suffered, and the defendants deny that the evidence relates to the injury complained of and confessed, if the evidence is such as might apply to the injury complained of, the objection goes on the ground that the plaintiff has received two different injuries such as he sets forth in his declaration. If in this case the plaintiff offered evidence that at a cer-

tain time, before the commencement of the suit, he was travelling on the road described in the declaration, and was there thrown from his wagon and received a personal injury, and the defendants should deny that to be the injury which they confessed, the objection would go on the ground that the plaintiff was at another time thrown from his wagon by a defect in the same road, and suffered another personal injury, for which he was entitled to recover in this action. And it would be a question of fact whether the injury to which the evidence related was that which was confessed, or another like injury, received by the plaintiff at some other time.

Until it appeared that the plaintiff had been twice thrown from his wagon on that road, and had received two injuries like that described in the declaration, it would be quite safe for the jury to infer as matter of fact that the injury to which the evidence related was the injury confessed. This would be analogous to the case where a general acknowledgment is received as evidence to take a particular debt out of the statute of limitations; *Frost* v. *Bengough*, 1 Bingham 266; *Dubbs* v. *Humphrey*, 10 Bingham 446; *Whitney* v. *Bigelow*, 4 Pick. 410; and when the fact was found that the injury confessed was that to which the evidence applied, the only remaining question would be as to the amount of damages. After default, where the cause of action is indivisible, the defendant, on an enquiry of damages, might make the same objection as to the effect of the default. If in this case the defendants had been defaulted, they might, when evidence of the amount of damage was offered, have denied with at least equal plausibility that the evidence related to the cause of action described in the declaration.

Where the cause of action is single and indivisible, the objection that a confession admits no particular claim, would, in the view we take of the question, be generally more refined than substantial, as it would be a matter of fact whether the evidence related to the cause of action declared on and confessed, and the fact in most cases would be too clear for doubt or cavil.

*Judgment on the verdict.*