THE AMERICAN DOCK AND IMPROVEMENT COMPANY et al.

*v.*

THE TRUSTEES FOR THE SUPPORT OF THE PUBLIC SCHOOLS et al.

Where a litigation over lands is pending in this court, and the defendant apprehends that his rights may be embarrassed, if not defeated, by the running of the statute of limitations, if the bill should ultimately be dismissed, he may be allowed, for his protection, to try the title to the lands in controversy by an action of ejectment. Such proceedings, however, must be under the control of this court.

---

Bill for relief. On motion for leave to bring action at law &c.

Mr. *T. N. McCarter* and Mr. *R. Gilchrist*, for the motion.

Mr. *B. Williamson* and Mr. *B. Gummere*, contra.

American Dock and Improvement Co. v. Trustees of Public Schools.

THE CHANCELLOR.

The receiver for the creditors and stockholders of the New Jersey West Line Railroad Company applies for leave to bring an action of ejectment to try the title to the land in question in this suit, or failing that, for an issue at law for the purpose. The form which the issue at law, where one is ordered in this court, shall take, whether it shall be a feigned issue or whether an action at law shall be instituted, is entirely within the discretion of the court, and such form will be adopted as will best conduce to the purposes of justice. In *Gibbes* v. *Holmes, 10 Rich. Eq. 484,* the court ordered that the question whether a bond was presumed to be paid to be tried by an action at law, to be instituted as of the date of the beginning of the suit in equity. While the act " to compel the determination of claims to real

NOTE.—In Rhode Island, New Hampshire, Texas, North Carolina and Georgia, the parties have, by statute, a right to a trial by jury of all disputed facts, *2 Dan. Ch. Pr. 1075; McGowan* v. *Jones, R. M. Charlt. 184; Andrews* v. *Pritchett, 66 N. C. 387;* and also in Tennessee, *Allen* v. *Saulpaw, 6 Lea 477;* and in Kansas, *Clemenson* v. *Chandler, 4 Kan. 558;* and in Ohio, *Ladd* v. *James, 10 Ohio St. 437;* and in Indiana, *Clem* v. *Durham, 14 Ind. 263;* and in Iowa, *Wadsworth* v. *Wadsworth, 40 Iowa 448;* and in Maryland, *Barth* v. *Rosenfeld, 36 Md. 604;* and in Maine, *Call* v. *Perkins, 65 Me. 439;* while in other states, the old practice of committing to the discretion of the chancellor the allowance of such trials remains, *2 Dan. Ch. Pr. 1076; Ringgold* v. *Patterson, 14 Ark. 209; Cahoon* v. *Kent, 5 Cal. 294; Stilwell* v. *Kellogg, 14 Wis. 461; Ray* v. *Doughty, 4 Blackf. 115; Green* v. *Powell, 1 Bush 499; Goodyear* v. *Providence Co., 2 Cliff. 351.* See *North Penn. Coal Co.* v. *Snowden, 42 Pa. St. 488; Tabor* v. *Cook, 15 Mich. 322; Byers* v. *Rodebaugh, 17 Iowa 53; Ross* v. *New England Ins. Co., 120 Mass. 113; Dorr* v. *Tremont Bank, 128 Mass. 349.*

Numerous instances where an issue has been deemed proper and allowed, are referred to in *2 Dan. Ch. Pr. 1073, note.* It has been held to be *discretionary* in the following additional cases: Malformation, as a ground of divorce, *Anon., 35 Ala. 226.* See *Wadsworth* v. *Wadsworth, 40 Iowa 448; Von Glahn* v. *Von Glahn, 46 Ill. 134;* reputation or credibility of witnesses, or doubt as to weight of evidence, *Munson* v. *Reed, Clarke Ch. 580; Isler* v. *Grove, 8 Gratt. 257; O'Brien* v. *Bowes, 4 Bosw. 657; Jarrett* v. *Jarrett, 11 W. Va. 584; Crabb* v. *Larkin, 9 Bush 163; Boulton* v. *Robinson, 4 Grant's Ch. 141;* forgery of a deed, *Apthorp* v. *Comstock, 2 Paige 482; S. C., Hopk. Ch. 143, 3 Cow. 386; De Lancy* v. *Seymour, 5 Cow. 714; Peake* v. *Highfield, 1 Russ. 559;* or a receipt, *Patterson* v. *Ackerson, 1 Edw. Ch. 96;* or a will, *State* v. *Allen, 2*

American Dock and Improvement Co. v. Trustees of Public Schools.

estate in certain cases, and to quiet the title to the same" (*Rev. pp. 1189, 1190*), provides that on the application of either party to a suit brought under it, this court shall order an issue at law to try the title, the form of the issue is, as in other cases, in the discretion of this court, which will so mould it as best to effectuate the ends of justice. Where, as in this case, the defendant apprehends that he may be prejudiced or embarrassed, if not defeated, by the operation of the statute of limitations, if the ordinary practice be adhered to, and the bill should ultimately be dismissed for want of jurisdiction, or if there be any other substantial reason for doing so, another form, one that will protect him, will be adopted. In the case in hand, the receiver will be permitted to bring an action of ejectment, which, however, will be under the control of this court, as to the venue

---

*Tenn. Ch. 42;* loss of a note, *Fisher* v. *Carroll, 6 Ired. Eq. 485;* or a will, *Brent* v. *Dold, Gilm. (Va.) 211;* misrepresentation of facts, *Magill* v. *Manson, 20 Gratt. 527; Nelson* v. *Armstrong, 5 Gratt. 354; Bean* v. *Herrick, 12 Me. 262;* right of possession, *Galt* v. *Carter, 6 Munf. 245.* See *Peyton* v. *Rose, 41 Mo. 257; Hilleary* v. *Crow, 1 Harr. & Johns. 542;* fraud of a vendee, *Ringgold* v. *Patterson, 15 Ark. 209.* See *Stewart* v. *Iglehart, 7 Gill & Johns. 133; King* v. *Moon, 42 Mo. 551;* cancellation of a note by mistake, *Weil* v. *Kume, 49 Mo. 158;* alteration of a bond, *Rucker* v. *Howard, 2 Bibb 166;* or note, *Blakey* v. *Johnson, 13 Bush 197;* contract made by an infant, *Petty* v. *Malier, 15 B. Mon. 591;* existence of agency, *Macaulay* v. *Proctor, 2 Grant's Ch. 390;* or marriage, *Baker* v. *Wilson, 6 Grant's Ch. 603; Vaigneur* v. *Kirk, 2 Desauss. 640;* or an advancement, *Clem* v. *Durham, 14 Ind. 263;* reformation of a policy of insurance, *Ross* v. *New England Ins. Co., 120 Mass. 113;* execution of a power of attorney, *Dorr* v. *Tremont Bank, 128 Mass. 349;* right to mine a particular tract, *McDaniel* v. *Marygold, 2 Iowa 500;* whether moneys were a gift or a trust, *Baker* v. *Williamson, 4 Pa. St. 456;* whether a second deed was intended to destroy a prior trust deed, *Hoffman* v. *Smith, 1 Md. 475.*

A party has been held entitled to an issue as of course in a question of insanity, *Myatt* v. *Walker, 44 Ill. 485; Pankey* v. *Raum, 51 Ill. 88; Williamson* v. *Williams, 3 Jones Eq. 446; Banks* v. *Booth, 6 Munf. 385;* but see *Alexander* v. *Alexander, 5 Ala. 517; Atwood* v. *Smith. 11 Ala. 894; Beverly* v. *Walden, 20 Gratt. 147; Anderson* v. *Cranmer, 11 W. Va. 562;* or duress, *Bray* v. *Thatcher, 28 Mo. 129;* or the validity of a devise, *Kennedy* v. *Kennedy, 2 Ala. 571; Hill* v. *Barge, 12 Ala. 687; Johnston* v. *Hainesworth, 6 Ala. 443; 1 Hoff. Ch. Pr. 502; Coalter* v. *Bryan, 1 Gratt. 18.* Where the chancellor directs an action at law to be brought, the verdict, it seems, is conclusive, *Fisher* v. *Carroll, 1 Jones 30; S. C., 6 Ired. Eq. 485.* See *Fitzhugh* v. *Fitzhugh, 11 Gratt. 210.*—Rep.

and in all other respects, in the same manner and to the same extent in all things that the issue would be, if in the usual form.